| | |
|---|---|
| **LOIDA HAYSBERT as PERSONAL REPRESENTATIVE OF THE ESTATE OF RUBEN SANTANA AND AS HIS HEIR,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**GOVERNMENT OF THE VIRGIN ISLANDS THROUGH THE BUREAU OF CORRECTIONS, JULIUS WILSON AS DIRECTOR OF THE GOLDEN GROVE CORRECTIONAL FACILITY AND HIS SUCCESSORS INCLUDING RICK MULLGRAV, AND OTHERS BOTH AS THE DIRECTOR AND INDIVIDUALLY, IRA PHILLIPS, KEITH FRANCOIS AND BASIL RICHARDS, MS. PROSPER, COLEEN HERBERT AND THEIR SUCCESSORS AS WARDENS OF THE GOLDEN GROVE ADULT CORRRECTIONAL FACILITY, GOVERNMENT OF THE VIRGIN ISLANDS THROUGH JUAN F. LUIS HOSPITAL, DR. JONG H. PARK AND INDIVIDUALLY, XYZ HEALTH CARE PROVIDERS OF THE PLAINTIFF, DR. LINDA C. CALLWOOD, AS MEDICAL DIRECTOR OF THE VIRGIN ISLANDS BUREAU OF CORRECTIONS AND INDIVIDUALLY, JACK AND JUDY DOES,**<br><br>　　　　　　**Defendants.**<br>_____ | 1:14-cv-00040 |

**TO:**　　Lee J. Rohn, Esq.
　　　　　Raymond T. James, Esq.
　　　　　Royette V. Russell, Esq.

## ORDER DENYING MOTION TO STAY DISCOVERY ORDER

THIS MATTER is before the Court upon Plaintiff's Motion To Stay Discovery Order (ECF No. 203). Plaintiff filed said motion on April 9, 2019, and the time for filing a response has expired. Having reviewed the motion and upon due consideration thereof, the Court will deny the motion.

DISCUSSION

Plaintiff's argument hinges on the premise that the undersigned Magistrate Judge exceeded his jurisdiction in the Court's January 30, 2019 Order (ECF No. 199) requiring that Plaintiff exclude a medical malpractice claim from her Third Amended Complaint. Pl.'s Mot. at 2-3. In turn, she contends, the Court must stay discovery pending resolution of her Objection and Appeal of that order (ECF No. 201).

A federal magistrate judge may hear and determine any non-dispositive pretrial matter before the Court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Motions to amend pleadings fall in this category. *See Naranjo v. Midland Funding, LLC*, 2017 U.S. Dist. LEXIS 137005, *4 ("Motions to amend pleadings are non-dispositive."). Without delving too deep into the weeds of Plaintiff's pending objection and appeal, the Court determines that its previous order was non-dispositive and thus does not justify any amendment to the current discovery schedule. Plaintiff certainly has the opportunity to file and serve timely objections to any order issued by a magistrate judge on a non-dispositive pretrial motion—as it has already done in this case—but such objections do not serve to automatically stay implementation of discovery. *See Blessey Marine Servs., Inc. v. Jeffboat, LLC*, 2011 U.S. Dist.

LEXIS 85415, at * 10 (E.D. La. Aug. 3, 2011) ("The idea that the filing of an objection automatically stays a magistrate judge's discovery would essentially reduce the magistrate's order to the status of a recommendation.") (citation and quotation marks omitted).

Plaintiff also contends that denying a stay of discovery will create irreparable harm to Plaintiff, that Defendants would not be harmed by a stay and that the public interest would best be served by a stay. The Court is not persuaded by these arguments, all of which are centered on Plaintiff's assertion that the scope of discovery is unclear given the uncertainty as to whether the medical malpractice claim will be part of the lawsuit. As the Court has already discussed, that claim is excluded, and the parties should proceed knowing as much.

Based upon the foregoing, it is now hereby **ORDERED** that Plaintiff's Motion To Stay Discovery Order (ECF No. 203) is **DENIED.**

ENTER:

Dated: May 15, 2019        /s/ George W. Cannon, Jr.
                           GEORGE W. CANNON, JR.
                           MAGISTRATE JUDGE