## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

LOIDA HAYSBERT as Personal Representative )
of the Estate of RUBEN SANTANA, )
                                        )
      **Plaintiff,**               )
                                          )
      v.                             )      **Civil Action No. 2014-0040**
                                          )
GOVERNMENT OF THE VIRGIN ISLANDS )
THROUGH THE BUREAU OF CORRECTIONS; )
JULIUS WILSON as Director of the Golden Grove )
Adult Correctional Facility, Both as Director and )
Individually; IRA PHILLIPS, KEITH FRANCOIS, )
and BASIL RICHARDS as Wardens of the Golden )
Grove Adult Correctional Facility; GOVERNMENT )
OF THE VIRGIN ISLANDS THROUGH JUAN F. )
LUIS HOSPITAL; DR. JONG H. PARK; XYZ )
HEALTH CARE PROVIDERS OF THE PLAINTIFF; )
DR. JAMES and JANE DOES 1, 2, 3, 4; and JACK )
AND JUDY DOES, )
                                          )
      **Defendants.**          )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, U.S.V.I.
      *For Plaintiff*

**Raymond T. James, Esq.,**
**Royette V. Russell, Esq.,**
St. Croix, U.S.V.I.
**Ariel Marie Smith-Francois, Esq.,**
**Sheena Conway, Esq.,**
St. Thomas, U.S.V.I.
      *For Defendants*

## **MEMORANDUM OPINION**

**Lewis, District Judge**

This matter comes before the Court on Plaintiff's "Objection and Appeal of Magistrate's Order" ("Objection") (Dkt. No. 201), in which Plaintiff challenges the Magistrate Judge's Order dated January 30, 2019. (Dkt. No. 199). That Order directed Plaintiff to file a proposed Second Amended Complaint which complied with the Magistrate Judge's prior Orders dated July 10, 2017, June 19, 2018, July 30, 2018, September 24, 2018, and January 2, 2019. (Dkt. Nos. 149, 169, 176, 185, 193). Plaintiff claims that the January 30, 2019 Order erroneously required her to delete a medical malpractice claim that was contained in the original Complaint. Plaintiff argues that this portion of the Magistrate Judge's Order constitutes a dispositive ruling which exceeds the Magistrate Judge's statutory authority. (Dkt. No. 201 at 2). Plaintiff further challenges the Order asserting that Defendants consented to the filing of Plaintiff's "Third Amended Complaint" ("TAC") (Dkt. No. 195), and that as a result, the Magistrate Judge could not reject that Complaint.

In a related motion, Defendants filed a "Motion to Strike" Counts II, III, and IV of Plaintiff's Third Amended Complaint. (Dkt. No. 224). In their Motion, Defendants identify Plaintiff's various attempts to file Amended Complaints and assert that the TAC fails to comply with the Magistrate Judge's various Orders. *Id.* Plaintiff challenges Defendants' Motion to Strike by arguing that it is inconsistent with their prior "Notice of No Objection" (Dkt. No. 195) filed after the TAC. (Dkt. No. 225).

For the reasons that follow, the Court will overrule Plaintiff's Objection in part and sustain it in part. The Defendants' Motion to Strike will be denied as moot.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Original Complaint

This action was initiated in 2014 by Ruben Santana ("Santana") with the filing of a Verified Complaint[1] asserting claims under 42 U.S.C. § 1983 for alleged violations of Santana's rights under the United States Constitution and the Revised Organic Act, 48 U.S.C. § 1561. (Dkt. No. 3 at ¶ 1). Santana alleged that he had been incarcerated in the Golden Grove Correctional Facility ("GGCF") since December 2010. While incarcerated, he claimed that he developed a sore on his foot sometime in 2012. *Id.* at ¶¶ 15, 19. Santana asserted that after an unspecified delay, he was taken by prison officials to the Emergency Room at Juan F. Luis Hospital ("JFL Hospital") where he was seen by Defendant Dr. Jong H. Park. Santana claimed that Defendant Park misdiagnosed his foot injury. *Id.* at ¶¶ 20-21.

Santana claimed that his foot's condition worsened, developing into an open sore, but that prison officials (Julius Wilson, Ira Phillips, Keith Francois, Basil Williams and unidentified prison guards) ("Prison Officials") and unidentified prison health care providers (identified as Dr. James Doe and Jane Does 1-4) ("Prison Medical Personnel") (collectively "Prison Defendants") refused to take him to an appropriate medical facility. *Id.* at ¶¶ 22-23. Santana further claimed that, at some later point in time, another physician diagnosed him with a severe foot infection and prescribed aggressive wound care, frequent medical checks, and antibiotics. *Id.* at ¶¶ 24-25. Santana maintained that the Prison Defendants failed to follow this physician's orders. *Id.* at ¶¶ 26-27.

---

[1] Santana's counsel was notified by the Clerk's Office that the original Verified Complaint submitted using CM/ECF could not be accepted because it bore no signatures and the attached summonses were incorrectly filed. Santana's counsel then filed a "Verified Amended Complaint" the next day. (Dkt. No. 3). Because Santana's original filing was not accepted, his second filing should not have been entitled "Amended Complaint." This led to on-going confusion in the numbering of subsequent proposed Amended Complaints. The Magistrate Judge's Orders *repeatedly* attempted to correct this problem.

Santana alleged that when the Prison Defendants finally allowed him to return to JFL Hospital in July 2013, physicians determined that his foot had become gangrenous and they ultimately amputated his leg. He further alleged that thereafter, the Prison Defendants continued to deny him adequate medical care, including failing to provide him an appropriate prothesis. *Id.* at ¶¶ 28-30.

As a result of his injuries, Santana claimed in Count I that the Prison Defendants subjected him to cruel and unusual punishment and that those Defendants were deliberately indifferent to his medical condition in violation of the Eighth Amendment of the U.S. Constitution and 42 U.S.C. § 1983. He requested money damages for these alleged violations. *Id.* at ¶¶ 32-35.

In Count II of the Complaint, Santana claimed that the Medical Defendants[2] failed to properly treat and diagnose his foot injury, and that they acted below the standard of care resulting in the amputation of his leg. He requested money damages for medical expenses, economic damages, mental anguish, and pain and suffering. *Id.* at ¶¶ 37-40. Count II did not include an explicit jurisdictional basis for the claim, although the "standard of care" language implies that this Count was a medical malpractice claim under the Virgin Islands Tort Claims Act ("VITCA"), 33 V.I.C. §§ 3401 *et seq.*, or the Health Care Provider Malpractice Act ("HCPMA"), 27 V.I.C. §§ 166 *et seq*. (Dkt. No. 3 at ¶¶ 37-40).

Summonses were issued to the Defendants named in the Complaint. Answers were filed by the "Bureau of Corrections ("BOC") and the named Prison Officials (Wilson, Phillips, Francois and Richards). An Answer was also filed by JFL Hospital and Defendant Park denying the allegations of negligence. The Medical Defendants also raised affirmative defenses including protections provided through the HCPMA. (Dkt. No. 10 at 2, 5-6).

---

[2] The Medical Defendants appear to refer to JFL Hospital, Defendant Park and "XYZ Health Care Providers." (Dkt. No. 1 at ¶¶ 10-11).

Thus, Santana's original Complaint specifically identified eight Defendants: the Government of the Virgin Islands ("Government"), the BOC, and JFL Hospital as well as individual Defendants Wilson, Phillips, Francois, Richards, and Dr. Park. (Dkt. No. 3 at 1-3). The Complaint contained two Counts set out in 40 paragraphs and encompassing 8 pages. *Id.*

### B.    Santana's Attempts to Amend

Thereafter, the parties engaged in discovery for nearly one year. In October 2015, Santana filed a Motion to Amend his Complaint. (Dkt. No. 46). In his proposed First Amended Complaint ("FAC"), Santana sought to add Dr. James, Diane Howard, Dr. Derrick Burnette, David Nowack, RN, and Dr. Roy Arcamo as Defendants. (Dkt. No. 46-1 at 1-2).[3] The body of the proposed FAC also made allegations against Dr. Hugo Ventura and Dr. Albert Titus—who Santana claimed misdiagnosed his foot condition along with Drs. Park and Arcamo. *Id.* at 4-5. The proposed FAC also added new allegations against the Prison Defendants, claiming that they failed to provide adequate treatment for Santana's Human Immunodeficiency Virus (HIV) condition and asserting that this mistreatment was in retaliation for Santana's filing of the original Complaint. *Id.* at 5-6. The Magistrate Judge denied the Motion to Amend without prejudice on November 4, 2015 because of the lack of correlation between the proposed new Defendants and the new allegations and claims. (Dkt. No. 47). Santana did not object to, or appeal from, this Order.

Approximately two months later, Santana filed a "Renewed Motion to Amend Complaint." (Dkt. No. 50). Santana asserted in his Renewed Motion that this new proposed pleading corrected the errors contained in his prior proposed FAC. *Id.* at 50 at 1. In this proposed FAC, the caption still referred to "Dr. James" but added the names of all the new Defendants mentioned in his prior

---

[3] The reference to "Dr. James" appears to be a typographical error left from the prior reference to Dr. James Doe from the original Complaint. Dr. James is not otherwise identified or mentioned in the body of the proposed Amended Complaint.

proposed FAC. The Renewed Motion's proposed FAC also reasserted the additional factual allegations set out in his prior proposed FAC. (Dkt. No. 50-1 at 1-4). The Renewed Motion's proposed FAC contained two Counts detailed in 52 paragraphs and encompassing 9 pages. *Id.*

JFL Hospital and Dr. Park objected to Santana's Renewed Motion in two separate filings. (Dkt. Nos. 58, 60). They argued that the factual allegations were insufficient to state a plausible claim against them; that Santana unduly delayed in filing the proposed amendments; and that the proposed amendments were futile because the new HIV-related claims and the claims against the new medical personnel did not relate back to the filing of the original Complaint. *Id.* The Magistrate Judge agreed with the Medical Defendants' arguments and on January 7, 2016, denied the Renewed Motion to Amend. (Dkt. No. 62). Santana did not object to, or appeal from, this Order.

Thereafter, the Court extended the discovery deadlines and additional discovery was conducted. (Dkt. Nos. 65, 74, 81-128). The parties also pursued mediation. (Dkt. No. 129). Before mediation could be completed, Santana died in December 2016 and a Suggestion of Death was filed with the Court. (Dkt. No. 132).

### C.    Personal Representative's First Motion to Amend

In February 2017, Loida Haysbert ("Plaintiff")—as the appointed personal representative of Santana's Estate—filed a "Motion to Amend the Complaint to Name Personal Representative" in order to substitute herself as Plaintiff. (Dkt. No. 143). No other proposed amendments were discussed in the Motion. *Id.* However, the attached Proposed "Second" Amended Complaint[4] not only substituted Haysbert as the Plaintiff, but also contained—without redlining—the additional

---

[4] This title overlooked the fact that the Magistrate Judge had not permitted the filing of any "First" Amended Complaint.

parties and claims specifically rejected in the Magistrate Judge's November 2015 and January 2016 Orders. These latter changes were not identified as alterations in the attached proposed Second Amended Complaint as required by LRCi 15.1. (Dkt. No. 143-2). This proposed Amended Complaint had apparently relied on the *rejected* proposed First Amended Complaint as the operative pleading rather than relying on the original Complaint. *Cf.* Dkt. Nos. 3; 50-1; 142-2.

On July 10, 2017, the Magistrate Judge granted the Motion to Amend to "Name Personal Representative," and ordered the substituted Plaintiff to file her proposed Amended Complaint, but directed that the pleading be titled "First Amended Complaint." (Dkt. No. 149). This Order did not acknowledge that the referenced proposed Amended Complaint, in fact, contained additional changes that were not "red-lined" in the submission to the Court.

Plaintiff filed the First Amended Complaint ("FAC") the next day (Dkt. No. 150). Despite including new parties within the FAC, Plaintiff did not ask the Clerk to issue any additional summonses and none of the "new" Defendants were served with process. Thus, none of the new Defendants filed Answers.

### D.   Personal Representative's Second Motion to Amend

Ten months later, in May 2018, Plaintiff sought leave to file a Second Amended Complaint. (Dkt. No. 158).[5] In this Motion, Plaintiff requested leave to add facts to support claims already alleged; to identify the persons named as John or Jane Does; and to add claims on behalf of Santana's Estate and heirs for wrongful death. *Id.* at 1-2. The red-lined version of the proposed

---

[5] Although the Motion sought leave to file a "Second" Amended Complaint, the red-lined version of the attached Amended Complaint referred to the pleading as the "Third" Amended Complaint. The operative Complaint at that time, however, was titled "First Amended Complaint"—albeit containing changes from the original Complaint that were not properly presented to the Court.

Amended Complaint added claims on behalf of Santana's heirs,[6] added Defendants "Ms. Prosper and Coleen Herbert and their successors;" and added Dr. Linda C. Callwood, identified as the BOC's Medical Director. (Dkt. Nos. 158-1). This proposed Amended Complaint included general allegations for wrongful death on behalf of Santana's Estate and his heirs under 42 U.S.C. § 1983 against the Prison Defendants (Count I) and medical malpractice claims against the Medical Defendants by both Santana's Estate and his heirs (Count II). This proposed amended pleading also added numerous new factual allegations of improper care or denial of medical care. It further asserted a new Count III alleging a claim for monetary damages for the value of Santana's personal possessions that allegedly were confiscated during a 2016 prison transfer.[7] (Dkt. 158-1 at 1-2, 5-27, 29-31). All these proposed changes expanded the Complaint to include two Plaintiffs and a total of eighteen named individual Defendants.[8] The proposed Amended Complaint also expanded from the original 2 count, 8-page, 40-paragraph pleading to a 3 count, 31-page, 197-paragraph complaint. (Dkt. No. 158-1).

---

[6] Although the Motion and the caption only refer to an "heir" (singular) (Dkt. Nos. 158, at 1-2; 158-1 at 1), the body of the proposed Amended Complaint refers to "heirs." (Dkt. No. 158-1 at 29). The name(s) of the heir(s) or their relationship to Santana were not disclosed in the submission. (Dkt. No. 158). The Court will assume there are multiple heirs for purposes of this Memorandum Opinion.

[7] There is no specific mention of adding any claim for conversion or confiscation of personal property in the Motion to Amend. (Dkt. No. 158).

[8] The caption highlighted proposed new defendants Ms. Prosper, Ms. Herbert and Dr. Callwood. Rick Mullgrav also was added to the caption and in the body of the Complaint, although his name was not highlighted in the caption. These Defendants—Ms. Prosper, Coleen Herbert, Dr. Callwood and Rick Mullgrav—were in addition to the 14 Defendants named in the FAC. (Dkt. No. 150). However, the caption in the Proposed "Third" Amended Complaint did not include Dr. James, Diane Howard, Dr. Burnette, David Nowack, Dr. Arcamo, Dr. Ventura and Dr. Titus, although those individuals were still identified as Defendants in the body of the proposed Amended Complaint. (Dkt. No. 158-1).

JFL Hospital and Dr. Park again filed an Opposition to Plaintiff's Motion to Amend. (Dkt. No. 165). These Defendants asserted that Plaintiff's motion was dilatory; that Plaintiff was seeking to allege numerous additional facts after discovery had closed; and that Plaintiff had failed to sufficiently allege a causal connection between the Section 1983 claims and the alleged unconstitutional treatment that she asserted Santana had received. *Id.* at 2-4.

In an Order dated June 19, 2018, the Magistrate Judge denied Plaintiff's Motion to Amend in its entirety. (Dkt. No. 169). The Magistrate Judge concluded that the proposed wrongful death claim was an entirely new cause of action with new elements. *Id*. at 2. He further held that the wrongful death claim was improperly intertwined with Santana's survival claims and failed to explain the legal theory under which the heirs intended to pursue their claims. *Id.* at 3. The Magistrate Judge also found that the proposed amended claims against the Medical Defendants would be untimely under the Virgin Islands Tort Claims Act ("VITCA") and therefore, futile. Finally, the Magistrate Judge found that the allegations of deliberate indifference lacked the requisite particularity to state claims against government officials in their individual capacity and would not survive a Rule 12(b)(6) motion. *Id.* at 4-8. Again, Plaintiff did not object to, or appeal from, this Order denying the Motion to Amend.

### E.    Personal Representative's Renewed Motion to Amend

Plaintiff filed a "Renewed Motion to Amend Complaint" ten days later with a proposed "Third Amended Complaint" ("TAC") attached. (Dkt. No. 173). Plaintiff argued that the Renewed Motion rectified the deficiencies discussed in the Magistrate Judge's June 19, 2018 Order. Count I asserted a Section 1983 action on behalf of the Estate against the Prison Defendants; Count II alleged the same claim on behalf of Santana's heirs; Count III was a medical malpractice claim on behalf of Santana and his heirs against the Medical Defendants regarding Santana's foot injury

9

and treatment for HIV; and Count IV was a conversion claim related to Santana's personal property. (Dkt. Nos. 173 at 1-2; 173-2 at 28).

Defendants objected to Plaintiff's Renewed Motion. (Dkt. No. 175). Defendants asserted that the wrongful death action was required to be pleaded in a separate complaint. They also argued that the Court lacked jurisdiction over any wrongful death claim and that it would be time-barred under the VITCA. *Id.* at 2-3. Defendants further argued that Plaintiff's deliberate indifference claims failed to contain sufficient detail to adequately state such a claim. All of these defects, Defendants claimed, rendered Plaintiff's proposed amendments futile. *Id.* at 4-6.

On July 30, 2018, the Magistrate Judge granted in part and denied in part Plaintiff's Renewed Motion. (Dkt. No. 176). In the Order, the Magistrate Judge found that, in filing the FAC, Plaintiff went beyond his prior Order which permitted only the substitution of Haysbert as Plaintiff. The Magistrate Judge also noted that his prior Orders denied Santana's request to add Diane Howard, Dr. Burnette, David Nowack, Dr. Arcamo, Dr. Ventura and Dr. Titus as Defendants. *Id.* at 12 (citing Dkt. No. 62). Magistrate Judge Cannon ordered the FAC to be stricken. He further directed that any amendments permitted in his current Order could only be added to the contents of the original Complaint. (Dkt. No. 176 at 12).

In his ruling, the Magistrate Judge ordered that specific paragraphs of additional facts could be included in connection with Count I of the original Complaint. (Dkt. No. 173-2 at 30-31). (Dkt. No. 176 at 4-5). With respect to Count II of the proposed Amended Complaint—the heirs' wrongful death claim based upon alleged deliberate indifference (Dkt. No. 173-2 at 32)—the Magistrate Judge found that Plaintiff failed to allege with particularity the actions or inactions of each individual Prison Defendant to sufficiently state a claim under § 1983. Because Count II was

not included in the original Complaint, the Magistrate Judge denied the request to add Count II, finding the new claim was insufficiently pled and was, therefore, futile. (Dkt. No. 176 at 4-5).

The Magistrate Judge then analyzed Count III which asserted a medical malpractice claim against the Medical Defendants. (Dkt. No. 173-2 at 33-34). The Magistrate Judge concluded that the amendment would be futile because Plaintiff did not allege that she had filed a timely Notice of Intention to Sue as required by the VITCA and had not complied with the prefiling requirements under the HCPMA. (Dkt. No. 176 at 5-6). As a result, the Magistrate Judge found that Count III, as amended, would be futile and denied the same. *Id.* at 6.

Proposed Count IV asserted a claim for wrongful conversion of Santana's property during a prison transfer from GGCF to an Arizona prison. Because this claim occurred in 2016 while Santana was alive, the Magistrate Judge found that Santana was required to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). Likewise, because the transfer occurred in May 2016, the Magistrate Judge found that the two-year statute of limitations would bar the claim unless it related back under Rule 15(c). However, the Court concluded that there were no allegations in the original Complaint which gave notice of the conversion claim. For these reasons, the Magistrate Judge held that Plaintiff's wrongful conversion claim was futile and refused to allow it to be included in the amended pleading. (Dkt. No. 176 at 7-8).

Finally, the Magistrate Judge reviewed Plaintiff's request to add Ms. Prosper, Ms. Herbert, and Dr. Callwood as Defendants. In her Motion, Plaintiff asserted that these parties "had been named as John or Jane Does." (Dkt. No. 1 at ¶¶ 5, 9).[9] Proposed Defendants Prosper and Herbert

---

[9] The Proposed Amended Complaint, however, identified Dr. Callwood as one of the XYZ health care providers and alleged that she served as Medical Director for the BOC. (Dkt. No. 173-2 at ¶¶ 20, 135, 142, 148, 153, 160, 177-178).

are named in the caption and the opening paragraph, but there were no specific allegations identifying their positions with GGCF, when they held those positions, or their individual roles in Plaintiff's claims. *Id.* at 1-2. The Magistrate Judge concluded that Plaintiff failed to meet the requirements to establish that the claims against the proposed new defendants relate back under Rule 15(c) and disallowed those amendments. (Dkt. No. 176 at 9-11).

In conclusion, the Magistrate Judge struck the FAC previously filed on July 11, 2017. (Dkt. No. 150). The Magistrate Judge directed Plaintiff to file a proposed "Second Amended Complaint" based upon the original Complaint, but permitted Plaintiff to include the revised Count I from her recently proposed amended complaint. The Magistrate Judge also identified specific additional factual paragraphs that could be included in the amended pleading. No other amendments were permitted. (Dkt. No. 176 at 12-13). Plaintiff again did not object to, or appeal from, this Order.

### G.    Plaintiff's Second Amended Complaint

On September 20, 2018, more than 4 years after the filing of Santana's original Complaint and 52 days after the Magistrate Judge's latest Order, Plaintiff filed her Second Amended Complaint ("SAC") (Dkt. No. 183). Although this pleading returned to setting out only two Counts, Plaintiff's SAC was contrary to the July 30, 2018 Order. The SAC improperly: (1) included claims on behalf of Santana's heirs and (2) included Ms. Prosper, Ms. Herbert and Dr. Callwood in addition to the other putative Defendants stricken or otherwise not permitted by the Magistrate Judge's prior Orders. *Id.* at 1-2. Plaintiff also included certain factual allegations that were not among those permitted by the Magistrate Judge to be included in the SAC—*i.e.,* the rejected proposed paragraphs 70-72 from the proposed TAC were included in the SAC as paragraphs 44-46. *Id.* at 9.

On September 24, 2018, the Magistrate Judge held a status conference with the parties' attorneys. (Dkt. No. 185). During that conference, the Magistrate Judge noted that the SAC failed to comply with his July 30, 2018 Order. The Magistrate Judge ordered the parties to meet and confer before October 8, 2018, to discuss the proper parties to be named in the case and to identify in what capacities they are being sued. Magistrate Judge Cannon also ordered Plaintiff to file an amended complaint that: (1) complied with the July 30, 2018 Order, *and* (2) was filed with the Defendants' written consent or with leave of the Court. *Id.* at 2-3.

The Magistrate Judge held the next scheduled status conference on November 27, 2018. (Dkt. No. 188). During the conference, the Magistrate Judge acknowledged that Plaintiff had filed a Third Amended Complaint ("TAC") that day. (Dkt. No. 186). The Magistrate Judge found that the TAC continued to violate the terms of his July 30, 2018 Order, as well as his September 24, 2018 Order which required the parties to meet and confer.[10] Finally, the Magistrate Judge found that Plaintiff had violated the September Order because it was filed without the written consent of Defendants or leave of Court. (Dkt. No. 188 at 2). The Magistrate Judge again ordered: (1) that the parties meet and confer on or before December 7, 2018 to determine the proper parties to be named; and (2) that Plaintiff file an amended complaint which "complied with the Court's prior Orders . . . *and* [was] filed with Defendants' written consent or leave of Court." (Dkt. No. 188 at 2) (emphasis added).

---

[10] While the TAC omitted the heirs from the caption, it still included Ms. Prosper, Ms. Herbert and Dr. Callwood as Defendants. (Dkt. No. 186 at 1). Various paragraphs of the TAC also included two putative Prison Defendants and several putative Medical Defendants excluded in the Magistrate Judge's Orders of November 2015 and January 2016 (Dkt. Nos. 47; 62). These putative Defendants had been identified in the stricken FAC but not included in the SAC. *Id.* at 4-5. The TAC also contained Counts II, III and IV from the stricken FAC and which the Magistrate Judge found futile and had disallowed in his July 30, 2018 Order. (Dkt. Nos. 176; 186, at 36-41).

The next Status Conference was continued, at Plaintiff's request, to December 21, 2018 to allow the parties to meet and confer. (Dkt. Nos. 189, 190). At the rescheduled status conference, Magistrate Judge Cannon again found that the parties had failed to meet and confer as required and directed that such meeting occur on or before January 18, 2019. The Magistrate Judge's Order directed, again, that "any further amended complaint [shall be filed] in compliance with the Court's Order (ECF No. 176) *and* only with Defendants' written consent or leave of Court." (emphasis added) (Dkt. No. 193).

Plaintiff did not file a motion or submit a new amended complaint. Instead on January 22, 2019, a "Joint Motion of No Objection to the Plaintiff's Third Amended Complaint" was filed by the attorneys representing Defendants BOC, Julius Wilson, Ira Phillips, Keith Francois and Basil Richards and the attorneys representing the JFL Hospital and Dr. Jong. (Dkt. No. 195). Following the next status conference held on January 28, 2019, the Magistrate Judge took the TAC and "Motion of No Objection" under advisement. He also established a schedule for completion of discovery and other pretrial deadlines. (Dkt. No. 198 at 2-3).

On January 30, 2019, Magistrate Judge Cannon issued the Order presently subject to this Court's review. (Dkt. No. 199). In that Order, the Magistrate Judge found that Plaintiff's TAC (Dkt. No. 186) was filed contrary to the Court's prior orders. Moreover, although recognizing that the served Defendants had ultimately filed a "Notice of No Objection" to the TAC, the Magistrate Judge found that Plaintiff still had not filed an amended complaint that complied with his prior Orders. *Id.* at 1, 6. Specifically, Plaintiff had named parties as Defendants that had been disallowed in prior Orders, and included improperly pleaded claims by the heirs, and insufficient pleading of the new § 1983 claims. *Id*. at 3-4 (citing Dkt. Nos. 62, 169, 176, 183, 186). The Magistrate Judge directed Plaintiff, once again, to file a Second Amended Complaint that complied with his prior

Orders, and required that any Notice of filing of the SAC include Defendants' "written confirmation" that they had reviewed Plaintiff's proposed amended complaint "for compliance with the Court's previous orders." (Dkt. No. 199 at 6).

Plaintiff filed a timely "Objection and Appeal of Magistrate's Order" ("Objection") (Dkt. No. 201). Plaintiff asserted that the Magistrate Judge exceeded his authority by ordering Plaintiff to exclude "her medical malpractice claim that was pleaded in the first complaint." Plaintiff also asserted that the Magistrate Judge's January 30, 2019 Order was legally erroneous because Defendants had consented to the TAC and Magistrate Judge Cannon had no authority to reject the TAC in light of that consent. (Dkt. No. 201 at 1-2).

While Plaintiff's Objection was pending, the served Defendants jointly filed "Defendants' Motion to Strike" on June 12, 2020 asserting that the TAC failed to comply with Magistrate Judge Cannon's prior Orders. (Dkt. No. 224).

## II.    APPLICABLE LEGAL PRINCIPLES

The general scope of a Magistrate Judge's authority is set forth in the various provisions of 28 U.S.C. § 636. With respect to the issues in this case, the Magistrate Judge's actions relate to pretrial Motions to Amend Pleadings. That authority falls under Section 636(b)(1)(A), which states:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). An objection to a Magistrate Judge's Order must be filed within 14 days after service of the challenged Order. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(a).

When a party timely appeals or objects to a magistrate judge's pretrial ruling, the court can modify or set aside any portion of that ruling it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's factual finding "is clearly erroneous 'when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Sunshine Shopping Center, Inc. v. LG Electronics Panama, S.A.*, Case No. 1:2015-cv-0041, 2018 WL 4558982, at *3 (D.V.I. Sept. 21, 2018). In contrast, district judges must conduct a *de novo* review of a magistrate judge's legal conclusions on non-dispositive matters where a party objects on the basis that those conclusions were contrary to law. *Id.* (quoting *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)).

If no party objects to the magistrate judge's order regarding a non-dispositive matter, however, the magistrate judge's order becomes binding "unless the district court takes some action to overrule it." *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987). As a general rule, "a party's failure to object to a magistrate's ruling waives the party's objection." *Id.* at 1006.

### III.    DISCUSSION

Plaintiff's Objection is timely only as to the Magistrate Judge's Order filed on January 30, 2019. (Dkt. No. 201). She challenges the Order in two respects. First, Plaintiff claims the Magistrate Judge's Order was contrary to law because Defendants have consented to the amendments in her Third Amended Complaint ("TAC"). *Id.* at 4. Second, Plaintiff asserts that the Order was contrary to law in striking the medical malpractice claim because it was asserted in the

original Complaint. Plaintiff argues that the Magistrate's Order thus constitutes a dispositive ruling which is outside the scope of his statutory authority. (Dkt. No. 201 at 5).

### A.   Defendants' "Consent" to the Rejected TAC

As one claim of error, Plaintiff asserts that Defendants consented to the TAC by filing their Joint Motion of No Objection. (Dkt. No. 195). Plaintiff thus asserts that the Magistrate Judge lacked authority to reject the TAC due to Defendants' consent, notwithstanding Plaintiff's violation of the Magistrate Judge's prior Orders from which Plaintiff never objected. In support of her argument, Plaintiff relies on *Archer v. Caribbean Auto Mart, Inc.*, 379 F. App'x 157, 159 (3d Cir. 2010), for the proposition that a court errs in dismissing a claim *sua sponte* when the dismissal is based on a defense that had been waived. (Dkt. No. 201 at 4-5).

In *Archer*, however, the appellate court addressed only whether the appellant's violation of a non-jurisdictional appellate rule—V.I. App. R. 5—permitted the district court to dismiss the appeal *sua sponte* when the appellee failed to object to appellant's untimely filing. *Id.* at 159. The Third Circuit panel found that the rule was not jurisdictional and that it could therefore be waived. Accordingly, the appellate court found that the appellee's failure to challenge the timeliness of the appeal from the Superior Court constituted a waiver of the time limit, and the Court could not dismiss the appeal *sua sponte*. *Id.*

Plaintiff fails to explain how the *Archer* holding applies under the circumstances here. *Archer* is completely inapposite to a situation such as this where Defendants purportedly registered no objection to proposed amendments that were in direct contravention of the Magistrate Judge's Orders. Specifically, Magistrate Judge Cannon ordered, *inter alia*, that Plaintiff's Amended Complaint had to "compl[y] with the Court's prior Orders." (Dkt. No. 199 at 3-6). In light of the Magistrate Judge's November 2018 Order—which explicitly contained this condition—

Defendants could not consent to the TAC[11] when the TAC had been rendered ineffective by the Court's Order. *See McAlarney v. Roy's Construction, Inc.*, Case No. 3:2015-cv-0064, 2018 WL 792045, at *2 (D.V.I. Feb. 8, 2018) (a disallowed amended complaint is "without legal effect"); *see also United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.2d 293, 296 (5th Cir 2003) (failing to request leave from the court when leave is required makes an amended pleading more than technically deficient; it results in the amended complaint having no legal effect.).

Plaintiff failed to object to the July 30, 2018 Order striking the FAC after the Magistrate Judge determined it contained amendments inconsistent with the Motion to Amend and LRCi 15.1. (Dkt. No. 176 at 12-13). Any objections to that Order have therefore been waived. *Kalick v. United States*, 604 F. App'x 108, 112 (3d Cir. 2015) (party's failure to seek review of magistrate judge's nondispositive pretrial order forfeits the ability to appeal from that order); *Cresci v. Gyess*, Case No. 17-2342-KM/MAH, 2019 WL 1529964, at *1 (D.N.J. Apr. 8, 2019) (party's failure to object to a magistrate judge's ruling on nondispositive matters waives any objection to that ruling). A party cannot repeatedly file previously rejected amended complaints and thereby endlessly extend the limited time period from which to challenge a Magistrate Judge's ruling. Therefore, Plaintiff cannot now seek to challenge the Magistrate Judge's rejection of the proposed amendments in the FAC because she repeatedly violated the Magistrate Judge's Orders by continuing to incorporate the rejected amendments in subsequent proposed amendments. Indeed, a District Court may deny leave to amend a complaint in light of repeated failure to cure deficiencies by amendments previously allowed. *Beberman v. U.S. Department of State*, Case No. 1:2014-cv-0020, 2019 WL 2004127, at *1 (D.V.I. May 7, 2019).

---

[11] This assumes that the January 2019 "Notice of No Objection" equates to written consent under Fed. R. Civ. P. 15(a)(2) or the Magistrate Judge's numerous Orders.

Moreover, in all Orders entered after the Magistrate Judge's July 30, 2018 Order—which was entered four years after the initial Complaint—the Magistrate Judge granted leave to amend the Complaint only if certain conditions were met. Specifically, he required Plaintiff to file a Motion for Leave to Amend or obtain consent of Defendant. *In addition*, he further required any proposed amended complaint to comply with the Court's prior Orders from which Plaintiff did not object. (Dkt. Nos. 169, 176, 185). The Magistrate Judge's January 30, 2019 Order, which is the only Order to which Plaintiff objected, does not revive Plaintiff's ability to register objections to earlier Orders rejecting proposed amendments to the Complaint for which the time for objections has long expired.

For the foregoing reasons, the Court overrules Plaintiff's Objection to the January 30, 2019, Order to the extent she argues the Magistrate Judge's Order was erroneous due to Defendants' "consent" to its filing. The Magistrate Judge's decision to reject an amended complaint which was filed in direct contravention of his Orders—Orders that Plaintiff repeatedly violated—was not clearly erroneous. *See Campbell v. United States,* 375 F. App'x 254, 260 (3d Cir. 2010) (dismissing portions of amended complaint which are beyond the scope of the court Order allowing an amendment is not an abuse of discretion); *Elansari v. United States*, Case No. 3:15-cv-01461, 2017 WL 7053976, at *10 (M.D. Pa. Nov. 30, 2017) (additional claims beyond the scope of the Court's Order granting leave to amend may be dismissed).

**B.    Medical Malpractice Claim**

The second basis for Plaintiff's Objection focuses on the portion of the Magistrate Judge's Order striking Plaintiff's medical malpractice claim. Plaintiff's Objection, however, is untimely because the medical malpractice claim was removed or stricken in the Magistrate Judge's July 30, 2018 Order. (Dkt. No. 176). In that Order, Magistrate Judge Cannon held that Plaintiff's Amended

Complaint could substitute Plaintiff for Santana; add specific factual allegations; and include Count I from the proposed Third Amended Complaint. *Id.* at 12. That same Order struck the entirety of the claims set out in Count III (medical malpractice claims by Plaintiff and the heirs). (Dkt. No. 176 at 4-8). Plaintiff's only Objection was filed on February 13, 2019, 198 days after the Order in question. (Dkt. No. 201).

Plaintiff's failure to timely object to the Magistrate Judge's Order would normally operate as a waiver of any objection. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d at 1005. The original Complaint, however, included allegations against Dr. Jong and JFL Hospital that their treatment of Santana's foot injury fell "below the standard of care." (Dkt. No. 3 at ¶¶ 37-40). Because Santana asserted a medical malpractice claim in his original Complaint, the Magistrate Judge exceeded his statutory authority by striking the portion of the TAC which mirrored the allegations in the Original Complaint's Count II. Such a ruling would constitute a dispositive ruling to which the Magistrate Judge only has authority to issue a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B). Such a ruling, even without a timely objection, may be reviewed for plain error. *Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

In view of the foregoing, it was plain error for the Magistrate Judge to strike the portion of the First Amended Complaint and to restrict future complaints which contained the original claim. Accordingly, that portion of the January 30, 2019 which effectively struck the medical malpractice claim against the JFL Hospital and Dr. Parks—as asserted in the Original Complaint—is reversed. (Dkt. No. 3).

## IV.    Compliance with Local Rules and Court's Orders

This case has been made unnecessarily confusing and complicated due to Plaintiff's actions in repeatedly violating the Local Rules of Civil Procedure and the Magistrate Judge's Orders.

Plaintiff repeatedly violated Rule 15.1 which requires any amended pleadings to include a reproduction of the entire amended pleading "specifically delineating the changes or additions" that varied from the prior allowed pleading. That same Rule also establishes the procedure for numbering of amended pleadings.

The purpose of LRCi 15.1's provision requiring a specifically delineated or "red-lined" copy of the proposed amended pleading is to ensure that both the Court and the opposing party can readily ascertain the scope and nature of the proposed amendments. The purpose of that rule "is to have the plaintiff identify the differences between the [amended] complaint and the original pleading[,]" which "impose[s] a relatively minimal burden on a plaintiff." *Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, Case No. 3:2011-cv-0041, 2017 WL 987451, at *4 (D.V.I. Mar. 14, 2017) (citation omitted). Moreover, this rule saves time for the Court and other litigants so that neither has to submit "to the exercise of comparing two complaints line by line to determine the additions and deletions." *Id*.; *see also David v. AMR Servs. Corp*., 191 F.R.D. 89, 93 (D.V.I. 2000), *aff'd without opinion*, 251 F.3d 153 (3d Cir. 2000) (explaining the increased difficulty "in determining the new substantive allegations of the proposed amended complaint" when plaintiff fails to comply with LRCi 15.1).

In this case, Plaintiff's counsel's errors started with the filing of an unsigned Verified Complaint that was rejected by the Clerk's Office. (Dkt. No. 1). This error was compounded by substituting an *Amended* Complaint—rather than a Complaint—for the unsigned Verified Complaint. (Dkt. No. 3). Thereafter, Plaintiff's red-lined proposed Amended Complaints were consistently misnumbered, despite the various Magistrate Judge's Orders advising Plaintiff of the correct number to use when filing any proposed Amended Complaint. (Dkt. Nos. 149; 158-1; 176). Moreover, Plaintiff's FAC was ultimately stricken for violating Local Rule 15.1 by not red-lining

all of its alterations. This problem caused subsequent proposed amendments to include changes that were not reflected in Plaintiff's motions to amend, brought to the Court's attention, or accepted by the Magistrate Judge. Finally, Plaintiff's filings consistently failed to comply with the Magistrate Judge's Orders. Plaintiff had every opportunity to file objections prior to the instant Objection if she deemed the Magistrate Judge's Orders to be in error. Instead, the Magistrate Judge's Orders were essentially ignored in every subsequent filing. Plaintiff is advised that future failures to comply with the Local Rules or with this Court's, or the Magistrate Judge's, Orders could result in the imposition of sanctions.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff's Objection (Dkt. No. 201) to the Magistrate Judge's Order dated January 30, 2019 (Dkt. No. 199) will be overruled in part and sustained in part. The Court will overrule the Objection to the Magistrate Judge's decision rejecting the TAC, except to the extent that the Court will sustain the Objection to the portion of the Magistrate's Order that essentially dismissed the medical malpractice claim as pleaded against the JFL Hospital and Dr. Park in Count II of the original Complaint. (Dkt. No. 3 at 7).

Further, to minimize any future confusion and consistent with the Magistrate Judge's Orders, the Court will strike the Second and Third Amended Complaints (Dkt. Nos. 183, 186) from the record. Plaintiff will be given another opportunity to file a motion for leave to file an Amended Complaint, including a request to add supplemental claims under Fed. R. Civ. P. 15(d). Any Motion to Amend shall comply with LRCi 15.1 by using the original Complaint (Dkt. No. 3)—the current operative pleading—as the starting point together with a red-lined copy showing all amendments deviating from that Complaint. Any changes from the original Complaint— *including* substituting Loida Haysbert as Plaintiff and those changes expressly permitted by the

Magistrate Judge's Order dated July 30, 2018 (Dkt. No. 176)—must be specifically delineated as required by LRCi 15.1. Any Proposed Amended Complaint that fails to comply with these directives—and all of the Magistrate Judge's prior Orders, except as noted herein—will be stricken.

An appropriate Order accompanies this Memorandum Opinion.

Dated: May 14, 2021

_____/s/_____
WILMA A. LEWIS
District Judge