DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **LOIDA HAYSBERT as Personal Representative** of the Estate of **RUBEN SANTANA**, <br><br> Plaintiff, <br><br> v. <br><br> **GOVERNMENT OF THE VIRGIN ISLANDS THROUGH THE BUREAU OF CORRECTIONS; JULIUS WILSON as Director of the Golden Grove Adult Correctional Facility, Both as Director and Individually; IRA PHILLIPS, KEITH FRANCOIS, and BASIL RICHARDS as Wardens of the Golden Grove Adult Correctional Facility; GOVERNMENT OF THE VIRGIN ISLANDS THROUGH JUAN F. LUIS HOSPITAL; DR. JONG H. PARK; XYZ HEALTH CARE PROVIDERS OF THE PLAINTIFF; DR. JAMES and JANE DOES 1, 2, 3, 4; and JACK AND JUDY DOES,** <br><br> Defendants. | Civil Action No. 2014-0040 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.**
St. Croix, U.S.V.I.
  *For Plaintiff*

**Ariel Marie Smith-Francois, Esq.,**
St. Thomas, U.S.V.I.
**Christopher M. Timmons, Esq.,**
St. Croix, U.S.V.I.
  *For Defendants Government of the Virgin Islands,*
  *Julius Wilson, Rick Mullgrav, Ira Phillip, Keith*
  *Francois & Basil Richards*

**Sheena Conway, Esq.,**
St. Thomas, U.S.V.I.
**Royette V. Russell, Esq.,**
St. Croix, U.S.V.I.
     *For Defendants Juan F. Luis Hospital &*
     *Medical Center & Jong H. Park, M.D.*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on "Defendant Rick Mullgrav's Motion To Strike Plaintiff's First Amended Complaint (Revised)" and accompanying Memorandum in Support (Dkt. Nos. 267; 268) filed by putative Defendant Rick Mullgrav ("Mullgrav"), in which Defendant Jong Hwa Park, M.D. ("Dr. Park") joined. (Dkt. No. 269). Plaintiff Loida Haysbert ("Haysbert") has filed an "Opposition to Defendant Rick Mullgrav's Motion To Strike Plaintiff's First Amended Complaint (Revised)." (Dkt. No. 275). For the reasons set forth below, Mullgrav's Motion to Strike will be denied.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The tortured history of this action was set out in this Court's Memorandum Opinion entered on May 14, 2021, which addressed Haysbert's Objection to an Order entered by Magistrate Judge George W. Cannon, Jr. (Dkt. No. 257). The Court will recount the only the history necessary to place the current issue into context.

This action was filed in 2014 by Rueben Santana ("Santana"), who was an inmate at the John A. Bell Correctional Facility ("JAB")[1] operated on St. Croix by the Virgin Islands Bureau of Corrections. (Dkt. No. 1 at ¶¶ 3, 15). Santana's original Complaint asserted claims against the Government of the Virgin Islands through its Bureau of Corrections ("BOC"), *id.* at ¶ 3;

---

[1] The JAB was formerly known as the Golden Grove Adult Correctional Facility.

2

specifically identified prison officials, *id.* at ¶¶ 4, 6-8; an unidentified warden ("John Doe"), *id.* at ¶ 5; various unnamed prison guards ("Jack and Judy Does"), *id.* at ¶ 12; and various unnamed prison medical personnel ("James and Jane Does"), *id.* at ¶ 9. Santana also asserted medical malpractice claims against the Juan F. Luis Hospital ("JFL Hospital"), *id*. at ¶ 14; Jong Park, M.D. ("Dr. Park"), *id*. at ¶ 10; and unnamed medical providers identified as "XYZ Health Care Providers," *id.* at ¶ 11. Santana's claims were based on allegations of medical malpractice and constitutional violations by Defendants with respect to the diagnosis, treatment, and lack of treatment that Santana received in connection with a foot injury that resulted in the amputation of his leg in July 2013. *Id.* at ¶¶ 19-30.

Summonses were issued to the Defendants named in the Complaint. A joint Answer was filed by the BOC and the named prison officials, and another joint Answer was filed by JFL Hospital and Dr. Park. (Dkt. Nos. 8; 10). Thereafter, the parties engaged in discovery. In October 2015, Santana began a series of attempts to file an Amended Complaint, which were denied. (Dkt. Nos. 46; 47; 50; 62).

While the parties were engaged in further discovery and mediation, Santana died in December 2016 and a Suggestion of Death was filed. (Dkt. No. 132). Shortly thereafter, Plaintiff Haysbert filed a "Motion to Amend the Complaint to Name Personal Representative" (Dkt. No. 143). The only amendment specifically requested in the Motion was for Haysbert to replace Santana as the named Plaintiff. *Id.* However, the attached Proposed "Second" Amended Complaint not only substituted Haysbert as the Plaintiff, but also contained—without redlining as required by the Local Rules—additional parties and claims specifically rejected in the Magistrate Judge's two prior Orders. (Dkt. No. 143-2). On July 10, 2017, the Magistrate Judge granted the Motion to Amend to "Name Personal Representative." (Dkt. No. 149).

Thereafter, Haysbert filed a number of Motions to Amend and proposed Amended Complaints attempting to add numerous factual allegations, additional parties, and revised or supplemental claims. (Dkt. Nos. 158; 173; 183; 186). The Magistrate Judge denied Haysbert's first such Motion (Dkt. No. 169). In addressing Haysbert's subsequent Motion to Amend (Dkt. No. 173), the Magistrate Judge discovered previously unidentified changes made in the First Amended Complaint. (Dkt. No. 176 at 12-13). The Magistrate Judge then entered an Order on July 30, 2018, striking Haysbert's First Amended Complaint, but permitting her to amend the *original* Complaint to include various factual paragraphs from her Motion to Amend. *Id.* at 11-12. However, Haysbert's Second Amended Complaint filed thereafter (Dkt. No. 183) did not comply with the Magistrate Judge's Order as it contained parties and amendments from the stricken First Amended Complaint. After various status conferences and successive Orders directing Haysbert to comply with his Orders, the Magistrate Judge entered an Order on January 30, 2019 rejecting Haysbert's Third Amended Complaint for noncompliance with his Orders. (Dkt. No. 199).

Haysbert appealed from the Magistrate Judge's January 30, 2019 Order. (Dkt. No. 201). Following a review of the record, this Court overruled Haysbert's Objection in part and sustained it in part. (Dkt. Nos. 256; 257). Specifically, the Court permitted Haysbert to include Count II from her original Complaint as to the originally named Defendants, but overruled her objection to the remainder of the Magistrate Judge's Order. (Dkt. No. 256 at 2). In so doing, the Court struck Haysbert's Second Amended Complaint (Dkt. No. 183) and Third Amended Complaint (Dkt. No. 186) from the record. (Dkt. No. 256 at 2). In sum, the Court granted Haysbert leave to file a "First Amended Complaint (Revised)" in which she could (1) substitute Haysbert as Plaintiff; (2) include the amended/additional paragraphs permitted by the Magistrate Judge's July 30, 2018 Order; and (3) include Count II from the original Complaint as to the original Defendants. (Dkt. No. 256 at

4

2). The Court's Order specifically stated that "no other parties, claims or revisions will be included in the 'First Amended Complaint (Revised)' absent the filing of a Motion to Amend in full compliance with FED. R. CIV. P. 15 and LRCi 15.1." (Dkt. No. 256 at 3).

On May 21, 2021, Haysbert filed her First Amended Complaint (Revised) ("FAC-R"). (Dkt. No. 258-1). Shortly thereafter, Mullgrav filed the instant Motion to Strike, which Dr. Park joined. (Dkt. Nos. 267; 268; 269). Mullgrav argues that Haysbert's FAC-R should be stricken because he was not named in the original Complaint filed by Santana (Dkt. No. 3), nor was he named as a Defendant in the First Amended Complaint (Dkt. No. 150) (now stricken) which substituted Haysbert as Plaintiff. (Dkt. No. 268 at 1-2). Mullgrav also contends that his inclusion in the FAC-R violates this Court's Order entered on May 14, 2021. *Id.* at 4-6. Mullgrav asks the Court to strike the FAC-R using the Court's inherent authority or under FED. R. CIV. P. 37(b)(2)(1). *Id.* at 5-6.[2]

Haysbert opposes Mullgrav's Motion asserting that: (1) Mullgrav was properly named in the FAC-R under FED. R. CIV. P. 25(c) as a successor-in-interest due to his appointment as Director of the BOC in July 2015; (2) Rule 12(f) was not the appropriate procedural vehicle for Mullgrav's arguments; and (3) the Court's May 14, 2021 Order did not bar Haysbert from adding Mullgrav as a party. (Dkt. No. 275 at 2-7). Haysbert also contends that her 42 U.S.C. § 1983 claims against Mullgrav were not barred by the statute of limitations and/or related back to the original Complaint. *Id.* at 7-9. Finally, although Haysbert asserts that Mullgrav's inclusion in the FAC-R is proper, she appears to argue in the alternative that this Court held in its May 14, 2021 Order that Plaintiff could

---

[2] Sanctions under Rule 37(b)(2)(1), under the plain terms of that Rule, are permitted for a party's failure to obey a discovery order or for failing to produce a person for examination.

file a motion to amend the First Amended Complaint (Revised) and that she has filed such a motion. Accordingly, Plaintiff argues that the Motion to Strike should be denied. *Id.* at 9; (Dkt. No. 272).

## II.     APPLICABLE LEGAL PRINCIPLES

Motions to Strike are permitted under Rule 12(f) of the Federal Rules of Civil Procedure. That Rule states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

FED. R. CIV. P. 12(f). Motions to Strike under Rule 12(f) are generally viewed with disfavor and should be used sparingly. *See Environ Products, Inc. v. Total Containment, Inc.*, 951 F. Supp. 57, 60 (E.D. Pa. 1996).

Mullgrav's Motion seeks to strike the FAC-R, arguing, *inter alia*, that it violates the terms of the Court's May 2021 Order. (Dkt. No. 59-1 at 3-6) A Motion to Strike may be granted, within the Court's discretion, where a plaintiff's amended complaint exceeds the scope of the Order allowing the amendment. *See, e.g., Brown v. Wolf*, No. 2:16-cv-1081, 2021 WL 4312763, at *15-16 (W.D. Pa. Feb. 19, 2021) (using Rule 12(f) to strike portions of amended complaint which added new allegations and claims not permitted by Order allowing amended complaint); *U.F.C.W Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007) (amended pleadings that exceed the scope of amendment allowed by the court may be stricken under Rule 12(f)). Likewise, a party's failure to seek leave of court when adding new allegations is grounds for striking those allegations under FED. R. CIV. P. 12(f). *T.J. McDermott Transp. Co, Inc. v. Cummins, Inc.,* Civ. No. 14-4209, 2017 WL 11476192, at *2 (D.N.J. Jan. 17, 2017); *see also*

*Bartels v. Hudson Ins. Co.*, Civ. No. 05-3890, 2008 WL 5070660, at *3 (D.N.J. Nov. 24, 2008) (Amendments can be stricken under Rule 12(f) when they add both claims and parties not envisaged by the initial motion to amend).

### III.     DISCUSSION

Mullgrav's Motion to Strike alleges that Haysbert's FAC-R violates this Court's Order entered on May 14, 2021 by including claims against him in his official and individual capacities. It is true that the Court's Order directed Haysbert to file the FAC-R based upon the original Complaint (Dkt. No 3) in which Mullgrav was not specifically named as a party. (Dkt. No. 256 at 2). That Order also directed that the FAC-R could include Count II from the original Complaint "with the originally named Defendants only." *Id.* Count II, however, was a medical malpractice claim aimed at the Defendant medical providers (Dkt. Nos. 3 at ¶ 37; 258-1 at ¶ 184), which would not include Mullgrav.[3]

Mullgrav's and Haysbert's various arguments, however, overlook the remaining portion of the Court's May 14, 2021 Order. In that regard, the Order also permitted Haysbert to include in the FAC-R amendments specifically permitted in the Magistrate Judge's Order dated July 30, 2018. (Dkt. No. 256 at 2). None of the Defendants filed objections to the Magistrate Judge's Order (Dkt. No. 176) permitting those particular amendments. Those amendments included paragraphs identifying Mullgrav as a Defendant due to his position as Director of the BOC, as well as general allegations regarding his responsibility for providing adequate medical care to Santana and thus

---

[3] Haysbert also argues that inclusion of Defendant Mullgrav is appropriate under FED. R. CIV. P. 25(d). That Rule, however, only permits the automatic substitution of a public officer "who is a party in an official capacity." The Rule does not provide for the automatic substitution of public officials who are sued in their individual capacities.

for the alleged denial of proper treatment. (Dkt. No. 176 at ¶¶ 5, 27, 31, 73). Thus, the claims against Mullgrav asserted by Haysbert fall within the scope of those permitted by this Court's May 14, 2021 Order.

For the foregoing reasons, Defendant Mullgrav's "Motion To Strike Plaintiff's First Amended Complaint (Revised)" (Dkt. No. 267) will be denied. Nothing in this Order is intended to limit any defenses that Defendant Mullgrav may assert in any Answer or other response to the FAC-R that he may file.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that "Defendant Rick Mullgrav's Motion To Strike Plaintiff's First Amended Complaint (Revised)" (Dkt. No. 267) is **DENIED**.

**SO ORDERED**.

Date:   February 22, 2022                          _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge